REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
Attorneys for Defendant
CIRCLE K STORES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

* * * * *

SHARON HULIHAN, an individual,

Plaintiff,

v.

CIRCLE K STORES, INC., a registered foreign Corporation, dba CIRCLE K Convenience Store located at 428 South Valley View, Las Vegas, Nevada 89107; and DOES 1-100 inclusive,

Defendants.

Case No.: 2:09-CV-00715-JCM-PAL

## DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant, CIRCLE K STORES, INC., by and through its attorneys, Rogers, Mastrangelo, Carvalho & Mitchell, and submits the following Emergency Motion For Protective Order. This motion is made and based upon the points and authorities attached hereto, the papers and pleadings on file herein, and any argument allowed at the hearing.

**It is essential that this motion be decided on an emergency basis, as the deposition at issue is scheduled to occur on March 31, 2010 at 11:00 a.m.**

### INTRODUCTION

This matter arises out of a fall on the premises at Defendant Circle K on July 5, 2007. Plaintiff has alleged an increase in symptoms (exacerbation) of a medical condition (multiple

sclerosis) as a result of her fall as well as some type of an injury to one or both of her feet.

Plaintiff's First Amended Complaint was filed April 28, 2009. Initially discovery was scheduled to close on November 26, 2009. However, the parties stipulated to extend the cutoff to February 26, 2010. The agreed upon deadline to disclose expert witnesses was December 28, 2009. Defendant properly and timely made its expert disclosures; Plaintiff did not.

Several weeks after the expert deadline passed, Plaintiff filed a motion to extend the deadline. Defendant opposed the motion. Since then, the court has held two telephonic hearings. At the most recent hearing, Plaintiff was specifically asked to identify all further persons whom she intended to depose and she named four of her friends whom she expected to testify as to the condition of her foot before and after the alleged incident. The court allowed these depositions over Defendants objection. However, <u>Paul Martin was not named as one of these witnesses</u>.

Nevertheless, on March 19, 2010, Plaintiff sent a subpoena setting the deposition of Paul Martin, of Nevada for Equal Access. (See Exhibit "A"). This deposition is scheduled for March 31, 2010 at 11:00 a.m.

According to Plaintiff's deposition testimony, Mr. Martin is "going to be one of [her] expert witnesses" should this case go to trial. (See Exhibit "B" Plaintiff's deposition at page 58, lines 12-19.) As set forth above, Plaintiff is already acting outside the time frame for completing discovery. She did **not** obtain leave of court to depose Mr. Martin and, more importantly, she has not provided an expert report written by Mr. Martin, as required by FRCP 26.

Given the above, Defendant requests a protective order preventing the deposition of Paul Martin from going forward on March 31, 2010.

## ARGUMENT

Motions for Protective orders are governed by FRCP 26(c). See *U.S. Equal Employment Opportunity Commission v. Caesers Entertainment, Inc.*, 237 F.R.D. 428 (D. Nev. 2006):

> Fed.R.Civ.P. 26(c) permits the court to issue a protective order when the party seeking the order establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ..." The burden of persuasion under Fed.R.Civ.P. 26(c) is on the party seeking

2

the protective order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986). In order to meet that burden of persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought. *Id.*

*Id.* at 433.

Here, the harm to Defendant is quite clear. Plaintiff did not comply with FRCP 26 governing disclosure of expert witnesses. Plaintiff did not timely disclose Paul Martin as an expert, nor has she produced a written report by Mr. Martin, which would be required prior to his deposition. Nor did Plaintiff identify Paul Martin or obtain leave of court to depose him at this time.

Plaintiff has been warned several times previously that she must follow the Federal Rules of Civil Procedure. At the hearing during which the court approved the first extension of time, the court advised Plaintiff "that she must review and familiarize herself with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice if she wishes to prosecute this action." *See* Order of September 23, 2009. Plaintiff has repeatedly violated this order, and continues to disregard proper procedure.

Because Defendant concomitantly was forced to file this emergency motion, in the event the same is granted, Defendant should be allowed to recover its reasonable costs and attorney's fees incurred as a result.

## CONCLUSION

Defendant's motion for protective order should be granted, and Defendant awarded its costs and fees.

DATED this 24th day of March, 2010.

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

/s/ REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
300 S. Fourth Street, Suite 710
Las Vegas, Nevada 89101
Attorney for Defendant

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24 day of March, 2010, a true and correct copy of the foregoing **DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER** was served via First Class, U.S. Mail, postage prepaid, addressed as follows, upon the following counsel of record:

Sharon Hulihan
6324 W. Arlington Avenue
Las Vegas, Nevada 89107
(702) 870-2584
Plaintiff Pro Se

_____
An Employee of
Rogers, Mastrangelo, Carvalho & Mitchell

AFFIDAVIT OF REBECCA L. MASTRANGELO, ESQ. IN SUPPORT OF
DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

STATE OF NEVADA    )
                   ) ss.
COUNTY OF CLARK    )

REBECCA L. MASTRANGELO, ESQ, being first duly sworn according to law, deposes and says:

1. I am an attorney for Defendant in the matter of Hulihan v. Circle K, Case 09-CV-00715-JMC-PAL. I have personal knowledge of the facts and circumstances testified to in this affidavit, these facts are true and correct, and I am competent to testify to them in a court of law.

2. I personally spoke with Sharon Hulihan on March 9, 2010 at which time she advised that she was going to be scheduling several depositions, including the deposition of Paul Martin. At that time, I advised Ms. Hulihan that she did not have leave of court to depose Mr. Martin. Ms. Hulihan replied that she "forgot" to mention it to the court. I told her that she would need to file a motion with the court to seek this deposition or that I would file a motion for protective order.

3. I heard nothing more from Ms. Hulihan relative to the deposition of Paul Martin until receiving a copy of the subpoena directed to him. Upon information and belief, the subpoena was received in my office on or about March 22, 2010. It purports to schedule Mr. Martin's deposition for March 31, 2010.

4. At the time of Plaintiff's deposition, she advised that Paul Martin would be testifying as a expert in this case at the time of trial. Plaintiff has never produced a report, or any of the other requirements of Fed. R. Civ. P. 26 pertaining to Mr. Martin.

5. Defendant objects to Plaintiff taking the deposition of Paul Martin as he has never been disclosed as a witness in this case, let alone an expert witness. Plaintiff has not requested or obtained leave of court to take this deposition. (The discovery cutoff was three months ago.) Plaintiff has not served a proper Notice of

1   Deposition. Moreover, if the court allow Mr. Martin to be deposed, he should be
2   required to produce a report and otherwise comply with Rule 26.
3   6.   The undersigned is unable to prepare for Mr. Martin's deposition as scheduled
4   and requests that Defendant's Emergency Motion for Protective Order be heard
5   prior to March 31, 2010 to prevent the deposition from going forward.
6   7.   Defendant also requests an award of reasonable fees for having to bring this
7   motion and to deter Plaintiff from any further similar conduct.

FURTHER THIS AFFIANT SAYETH NAUGHT.

DATED this 24th day of March, 2010.

_____
REBECCA L. MASTRANGELO, ESQ

SUBSCRIBED and SWORN to before me
this ____ day of March, 2010.

_____
NOTARY PUBLIC

LAURA FITZGERALD
NOTARY PUBLIC
STATE OF NEVADA
APPT. No. 93-0979-1
MY APPT. EXPIRES JUNE 26, 2013

M:\Mastrangelo\Circle K adv. Hulihan\Pleadings\MastrangeloAffidavit.wpd

EXHIBIT A

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada



| | |
|---|---|
| Hulihan <br> *Plaintiff* <br> v. <br> Circle K Stores, Inc. <br> *Defendant* | Civil Action No. 2:09-CV-00715-JCM-PAL <br><br> (If the action is pending in another district, state where: <br> District of Nevada) |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Paul Martin, Nevada for Equal Access
3831 Dexter Way, Las Vegas

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Cameo Kayser & Associaes <br> 2620 Regatta Drive Suite 203 <br> Las Vegas, Nevada      655-5092 | Date and Time: <br> 03/31/2010 11:00 |
|---|---|

The deposition will be recorded by this method:   Court Reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3/19/10

_____           OR           _____
CLERK OF COURT                                                                    *Attorney's signature*
JULIE GIESBRECHT
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Sharon Hulihan
6324 West Arlington, masterpiecepro2k@aol.com, 870-2584    , who issues or requests this subpoena, are:

3/31/10
LF         3/22/10

EXHIBIT B

```
                    DISTRICT COURT

                 CLARK COUNTY, NEVADA
                                              ORIGINAL
SHARON HULIHAN,                    )
                                   )
         Plaintiff,                )
                                   )
    vs.                            ) Case No.: 09-cv-715
                                   )
CIRCLE K STORES, INC.,             )
a registered foreign               )
Corporation, dba CIRCLE K          )
Convenience Store located at       )
428 South Valley View, Las         )
Vegas, Nevada 89107 and DOES       )
1-100, inclusive,                  )
                                   )
         Defendants.               )
_____)
```

VIDEOTAPED DEPOSITION OF SHARON HULIHAN

Taken on Tuesday, December 29, 2009

11:34 o'clock A.M.

At 300 South Fourth Street

Las Vegas, Nevada

Reported By:   Sandy A. Dahlheimer, CCR 431

1  A. Her.

2  Q. Where does she work?

3  A. Some disabled place. I don't know.

4  Q. So at some time after you fell, you called some
5  disabled place that you can't think of the name of and
6  then she called you back and told you to call Paul Martin?

7  A. Yeah. I was doing research work.

8  Q. Then he went out there and looked at the ramp?

9  A. So did Dave Otto.

10 Q. Did Paul Martin go out there with David Otto?

11 A. No. They went out there separately.

12 Q. Have you met with Paul Martin in person?

13 A. No.

14 Q. Have you talked to him on the phone?

15 A. Yes.

16 Q. Has he prepared any type of written material or
17 report at all?

18 A. Oh, if this goes to trial, he's going to be one
19 of my expert witnesses.

20 Q. Has he prepared a report at all?

21 A. I have no idea.

22 Q. What has he told you?

23 A. Only that the ramp was cut off. He took
24 pictures of it, that the ramp is no longer on the south
25 side but it's on the north side. They cut the ramp. They

```
STATE OF NEVADA    )
                   ) ss
COUNTY OF CLARK    )
```

## CERTIFICATE OF REPORTER

I, Sandy A. Dahlheimer, CCR #431, Clark County, State of Nevada, do hereby certify:

That I reported the taking of the deposition of SHARON HULIHAN, commencing on the 29th of December, 2009, at the hour of 11:34 a.m., and that prior to being examined the witness was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth. That I thereafter transcribed my said shorthand notes, and that the typewritten transcript of said deposition is a complete, true, and accurate transcription of my shorthand notes.

I further certify that I am not a relative or employee of the parties, attorneys, or counsel involved in said action, nor a person financially interested in the action.

IN WITNESS WHEREOF, I have hereunto set my hand in my office in the County of Clark, State of Nevada, this 11th day of January, 2010.

*/s/ Sandy A. Dahlheimer*
SANDY A. DAHLHEIMER, CCR 431

EXHIBITS