UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHARON HULIHAN,

        Plaintiff,

v.

CIRCLE K STORES, INC., et al.,

        Defendants.

2:09-CV-715 JCM (PAL)

**ORDER**

Presently before the court is defendant Circle K Stores, Inc.'s motion for summary judgment. (Doc. #47.) Plaintiff filed a response. (Doc. #49.) Defendant filed a reply in support of the motion for summary judgement. (Doc. #51.)

Plaintiff's complaint asserts three claims stemming from an incident that occurred at a Circle K convenience store on July 5, 2007. Plaintiff, who suffers from multiple sclerosis, claims that she was catapulted out of her wheelchair due to a defective ramp at the store. Plaintiff claims that this incident exacerbated her multiple sclerosis and caused a foot injury. Plaintiff seeks injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA"). (Doc. #8). Plaintiff seeks damages under NRS 651.090 for civil damages arising out of violation of the Nevada law against discrimination. (*Id.*) Plaintiff also asserts a claim of negligence against defendant.

A party is entitled to summary judgment if the discovery materials and affidavits show that there is not genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In opposing a motion for summary judgment, the non-moving party cannot merely rest on the allegations of the complaint, but must come forward with admissible

**James C. Mahan**
**U.S. District Judge**

evidence pointing to a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Defendant is entitled to summary judgment on the ADA claim. Plaintiff seeks an injunction compelling Circle K to alter its premises to make it readily accessible for individuals with disabilities (Doc. #8). Circle K renovated its premises on July 5, 2007, removing the ramp that is the subject of the instant action. Plaintiff has not made any claim that this new ramp is non-compliant with the ADA. Therefore, according to the undisputed facts, defendant is entitled to summary judgment on the ADA claim for injunctive relief.

Defendant is entitled to summary judgment on the claim for relief under the Nevada law against discrimination. NRS 651.090 provides that any person who denies another the right to equal enjoyment of places of public accommodation may be liable for civil damages. In order for plaintiff to prove damages at trial, she must produce evidence, in the form of expert medical testimony, that her purported injuries stemmed from Circle K's denial of access or equal enjoyment. *Neal-Lomax v. Las Vegas Metropolitan Police Department*, 574 F.Supp. 2d. 1193, 1199 (9th Cir. 2008).

In order to utilize a witness as an expert at trial, a party must provide: (1) a written report containing a statement of all opinions the witness will express and the basis and reasons therefor, (2) the data or other information considered by the witness in forming the opinions, (3) the qualifications of the witness, including a list of publications and prior testimony, and (4) compensation to be paid. Fed R. Civ. P. 26(a)(2). To date, plaintiff has not submitted these mandatory disclosures to the court, and therefore has not retained experts for the purpose of testifying at trial.

Although plaintiff provides depositions of non-experts, the depositions do not support a claim that her multiple sclerosis exacerbation or foot injury were caused by the fall at the Circle K. (Doc. #47, ex. C). Plaintiff's treating physician, while not certified as an expert medical witness, testified to a reasonable degree of medical probability that the multiple sclerosis exacerbation was due to a prolonged exposure to heat, and not to a fall. (*Id.*) Three other non-experts also testified that they could not determine the cause of plaintiff's foot injury. (Doc. #47, ex. C-E).

**James C. Mahan**
**U.S. District Judge**

1  Defendant is also entitled to summary judgment on the negligence claim. In order to succeed
2  on a claim of negligence, plaintiff has to prove the defendant had a duty of care owed to plaintiff,
3  a breach of this duty, injury, and causation between the breach and plaintiff's injury. *Joynt v.*
4  *California Hotel & Casino*, 108 Nev. 539, 835 P.2d 799 (1992). Plaintiff must prove proximate
5  cause of damages through admissible evidence in the form of expert testimony stated to a reasonable
6  degree of medical probability. *Neal-Lomax v. Las Vegas Metropolitan Police Department*, 574
7  F.Supp. 2d. 1193, 1199 (9th Cir. 2008). State law requires sufficient medical certainty of proximate
8  cause before a jury may find liability. *Id.* at 1198.   Plaintiff has not complied with expert witness
9  certification. Even if plaintiff had adequately certified the doctors as experts, the physicians have
10 repeatedly stated that they cannot say with any degree of medical certainty the cause of plaintiff's
11 injuries. (Doc. #47, ex. C-E).

12  Accordingly

13  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for
14 summary judgment (Doc. #47) be, and the same hereby is, GRANTED as to all three claims by the
15 plaintiff.

16  DATED July 15, 2010.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -