UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| SHARON HULIHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09-cv-00715-JCM-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CIRCLE K STORES, | ) | (Mot Opposing Judg. Debt Exam - Dkt. #61) |
| | ) | (Emg. Mot Stay Execution - Dkt. #62) |
| Defendant. | ) | |

Before the court is Plaintiff's Motion Opposing Judgment Debtor Exam (Dkt. #61). Defendant filed an opposition (Dkt. #63). Although labeled a Motion Opposing a Judgment Debtor Examination, the document itself indicates that the Plaintiff has appealed the judgment entered by the district judge entered against her after entering summary judgment in favor of the Defendant. The motion also appears to object to certain of the costs contained in Defendant's Bill of Costs. Defendant's opposition states that the Defendant seeks a judgment debtor exam following an award of summary judgment, and a judgment for costs in the amount of $10,010.97. Defendant apparently scheduled Plaintiff for a judgment debtor exam.

On September 27, 2010, Plaintiff also filed an Emergency Motion for Stay of Execution (Dkt. #62) again indicating she filed an appeal with the Ninth Circuit Court of Appeals. She indicates she is prepared to borrow the money necessary to post bond. Defendant's opposition (Dkt. #63) appears to respond to this motion as well. The opposition indicates that Plaintiff has not obtained a bond required for a stay under FRCP 62(d) and argues, that as a result, Plaintiff has not offered any legal reason to avoid a judgment debtor examination.

A judgment has been entered by the district judge in this case. Although Plaintiff filed a Notice of Appeal (Dkt. #57) and the Ninth Circuit has entered an order for time schedule (Dkt. #59), there is

no indication in the record that Plaintiff has filed a supersedeas bond authorized by Rule 62(d).  The stay of proceedings "takes effect when the court approves the bond."  As Plaintiff has not established that she has posted a supersedeas bond, Defendant may proceed with execution of the judgment as authorized by FRCP 69.  Rule 69(a)(2) also permits a judgment creditor to obtain discovery from a judgment debtor "as provided in these rules or by the procedure of the state where the court is located."  Defendant did not seek leave of court to obtain a judgment debtor exam, and has not provided the court with any state procedure or other legal authority for conducting the judgment debtor exam of the Plaintiff.  Accordingly,

**IT IS ORDERED** Plaintiff's Motion (Dkt. ##61, 62) are **DENIED**.  However, Defendant shall apply to the court for authorization to conduct a judgment debtor examination complying with the provisions of Rule 69.

Dated this 26th day of October, 2010.

Peggy A. Leen
United States Magistrate Judge